UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| American Library Association, et al., *Plaintiffs*, v. Keith Sonderling, et al., *Defendants*. | Case No. 1:25-cv-01050 |

**PLAINTIFFS' MOTION FOR LEAVE TO SUPPLEMENT THE RECORD AND MEMORANDUM IN SUPPORT**

Pursuant to Local Civil Rule 65.1(c), Plaintiffs move for leave to supplement the record to include declarations pertinent to this Court's preliminary injunction decision, including facts supporting Plaintiffs' legal claims and illustrating the harms the public will experience if the dissolution of the Institute for Museum and Library Services is not preliminarily enjoined.

These declarations are attached as exhibits hereto. On April 17, 2025, counsel for Plaintiffs conferred with counsel for Defendants as required by Local Civil Rule 7(m). Counsel for Defendants stated that they do not oppose this motion, so long as the additional declarations are filed within a timeframe that meaningfully allows them to respond in their forthcoming brief. A proposed order is attached.

Plaintiffs filed this litigation on April 7, 2025, ECF No. 1, just days after President Donald Trump and his administration began to systematically dismantle the Institute of Museum and Library Services (IMLS). Given the extraordinary harm wrought by Defendants' actions, Plaintiffs moved for a preliminary injunction on April 10, 2025, ECF No. 13. Plaintiffs now seek leave to file three additional declarations to support their motion for preliminary relief. This Court has the

"discretion to allow parties to supplement the record of a case." *Marsh v. Johnson*, 263 F. Supp. 2d 49, 53 (D.D.C. 2003) (citation omitted). Use of that discretion is warranted here, given the speed of briefing and rapidly evolving circumstances.

The additional declarations will demonstrate Plaintiffs' likelihood of success on the merits and the harms the public will experience without injunctive relief. To obtain a preliminary injunction against the government, Plaintiffs must establish that they are likely to succeed on the merits of their claims and will suffer irreparable harm in the absence of preliminary relief, and that the balance of equities and the public interest weigh in their favor. *See Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008); *Nken v. Holder*, 556 U.S. 418, 435 (2009).

One supplemental declaration provides an IMLS employee's account of Defendants' actions to dismantle IMLS. The IMLS employee's declaration will further demonstrate that Defendants' actions to dismantle IMLS violated the Administrative Procedure Act and separation of powers principles, and were ultra vires, in part because IMLS no longer has the capacity to fulfill its statutory obligations.

The other two declarations will further demonstrate that preliminary injunctive relief is in the public interest. One declaration, from the CEO of OverDrive, will set forth the impact on the publishing industry of Defendants' actions to shut down IMLS and terminate grants en masse, demonstrating the far-reaching ripple effects of those actions. The other declaration, from the President and CEO of the American Association for State and Local History, will demonstrate the serious harms to American museums that will result from IMLS's mass termination of grants. Plaintiffs have already described the serious public harms effected by Defendants' dissolution of the agency through prior declarations and briefing, but these additional declarations will help the

Court understand how these harms will reverberate widely and demonstrate their far-reaching impact.

These supplemental declarations will aid the Court in confirming that Plaintiffs meet all requirements needed for this Court to afford them preliminary relief.

## CONCLUSION

For the foregoing reasons, the Court should grant Plaintiffs' motion to supplement the record.

Dated: April 17, 2025

/s/ *Rachel L. Fried*_____
Rachel L. Fried (DC Bar No. 1029538)
Orlando Economos (DC Bar No. 90013791)
Kayla M. Kaufman (DC Bar No. 90029091)
Robin F. Thurston (DC Bar No. 1531399)
Skye Perryman (DC Bar No. 984573)
Democracy Forward Foundation
P.O. Box 34553
Washington, DC 20043
(202) 448-9090
rfried@democracyforward.org
oeconomos@democracyforward.org
kkaufman@democracyforward.org
rthurston@democracyforward.org
sperryman@democracyforward.org

/s/ *Chris Gair*_____
Chris Gair (Ill. Bar No. 6190781)*
Vilia Dedinas (Ill. Bar No. 6191614)*
John Gallo (Ill. Bar No. 6193988)*
Ingrid Yin (Ill. Bar No. 6339857)*
Gair Gallo Eberhard LLP
1 E. Wacker Drive, Suite 2600
Chicago, Illinois 60601
(312) 600-4900
cgair@gairgallo.com
vdedinas@gairgallo.com
jgallo@gairgallo.com
iyin@gairgallo.com

*Counsel for Plaintiffs*

\* Admitted *pro hac vice*