UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| American Library Association, et al.,<br><br>*Plaintiffs*,<br><br>v.<br><br>Keith Sonderling, et al.,<br><br>*Defendants*. | Case No. 1:25-cv-01050 |

### PLAINTIFFS' MOTION FOR LEAVE TO SUPPLEMENT THE RECORD AND MEMORANDUM IN SUPPORT

Pursuant to Local Civil Rule 65.1(c), Plaintiffs move for leave to supplement the record to include three declarations pertinent to this Court's preliminary injunction decision, including recent facts supporting Plaintiffs' legal claims and illustrating the increasing harms the public will experience if the dissolution of the Institute for Museum and Library Services is not preliminarily enjoined.

These declarations are attached as exhibits hereto. Counsel for Plaintiffs has conferred with counsel for the Defendants as required by Local Civil Rule 7(m). Defendants do not oppose this motion, but they reserve the right to seek leave to file a response to the supplement. A proposed order is attached.

Plaintiffs filed this litigation on April 7, 2025, ECF No. 1, just days after President Donald Trump and his administration began to systematically dismantle the Institute of Museum and Library Services (IMLS). Given the extraordinary harm wrought by Defendants' actions, Plaintiffs moved for a preliminary injunction on April 10, 2025, ECF No. 13. Plaintiffs filed a motion to submit supplemental declarations on April 17, 2025, and the Court granted the motion by minute

order on April 22, 2025. In the meantime, Defendants have continued their efforts to dismantle IMLS, and facts regarding Defendants' unlawful actions and the resulting harms to Plaintiffs face continue to accrue.

Plaintiffs therefore seek leave to file three supplemental declarations as updates to the declarations provided to date, to support their motion for preliminary relief. This Court has the "discretion to allow parties to supplement the record of a case." *Marsh v. Johnson*, 263 F. Supp. 2d 49, 53 (D.D.C. 2003) (citation omitted). Use of that discretion is warranted here, given the speed of briefing and rapidly evolving circumstances.

The additional declarations will demonstrate Plaintiffs' likelihood of success on the merits and the harms they will experience without injunctive relief. To obtain a preliminary injunction against the government, Plaintiffs must establish that they are likely to succeed on the merits of their claims and to suffer irreparable harm in the absence of preliminary relief, and that the balance of equities and the public interest weigh in their favor. *See Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008); *Nken v. Holder*, 556 U.S. 418, 435 (2009).

The first declaration provides an update from Alan S. Inouye, General Counsel for Plaintiff American Library Association ("ALA"). *See* Inouye Decl, ECF 13-2. Mr. Inouye's supplemental declaration reports further IMLS grant award terminations and illustrates the serious harms to the libraries and library communities that benefitted from and relied on the programs funded by the terminated grants.

The second declaration provides an update from Alex Albright, an IMLS employee. *See* Albright Decl. ECF 20-1. Ms. Albright's supplemental declaration conveys that Defendants have continued to terminate grant awards and describes their haphazard termination notification process

and ongoing failure to reimburse grantees, demonstrating that IMLS no longer has the capacity to fulfill its statutory obligations.

The third declaration provides an update from Elizabeth Bradley, the director of a specialized library in the western United States. *See* Bradley Decl, ECF 13-9. In her supplemental declaration, she states that her library's grant has been terminated, that it is required to close the grant-funded program to expand access to the librarian profession mid-stream, and describes the resulting harm to her library and communities.

These supplemental declarations will aid the Court in confirming that Plaintiffs meet all requirements needed for this Court to afford them preliminary relief.

## CONCLUSION

For the foregoing reasons, the Court should grant Plaintiffs' motion to supplement the record.

| | |
|---|---|
| Dated: April 28, 2025 | */s/ Rachel L. Fried*<br>Rachel L. Fried (DC Bar No. 1029538)<br>Orlando Economos (DC Bar No. 90013791)<br>Kayla M. Kaufman (DC Bar No. 90029091)<br>Robin F. Thurston (DC Bar No. 1531399)<br>Skye Perryman (DC Bar No. 984573)<br>Democracy Forward Foundation<br>P.O. Box 34553<br>Washington, DC 20043<br>(202) 448-9090<br>rfried@democracyforward.org<br>oeconomos@democracyforward.org<br>kkaufman@democracyforward.org<br>rthurston@democracyforward.org<br>sperryman@democracyforward.org<br><br>*/s/ Chris Gair*<br>Chris Gair (Ill. Bar No. 6190781)*<br>Vilia Dedinas (Ill. Bar No. 6191614)*<br>John Gallo (Ill. Bar No. 6193988)*<br>Ingrid Yin (Ill. Bar No. 6339857)*<br>Gair Gallo Eberhard LLP<br>1 E. Wacker Drive, Suite 2600<br>Chicago, Illinois 60601<br>(312) 600-4900<br>cgair@gairgallo.com<br>vdedinas@gairgallo.com<br>jgallo@gairgallo.com<br>iyin@gairgallo.com<br><br>*Counsel for Plaintiffs*<br><br>* Admitted *pro hac vice* |