UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| American Library Association, et al., <br><br> *Plaintiffs*, <br><br> v. <br><br> Keith Sonderling, et al., <br><br> *Defendants*. | Case No. 1:25-cv-01050 |

**JOINT STATUS REPORT**

The parties respectfully submit this joint status report pursuant to the Memorandum Order of May 1, 2025. ECF 36. The parties met and conferred on May 6, 2025, regarding (1) whether the parties require any supplemental briefing on the preliminary injunction and, if so, the appropriate briefing schedule; and (2) whether the parties consent to the Court extending the temporary restraining order until the Court issues a ruling on the preliminary injunction or the case is otherwise resolved. The parties' respective positions are set forth below.

**Plaintiffs' Position**

1. If the Court extends the temporary restraining order pursuant to Federal Rule of Civil Procedure 65(b)(2), Plaintiffs expect to move for leave to supplement the record with additional facts by May 15, 2025. Counsel for Defendants informed Plaintiffs that they consent to Plaintiffs' motion for leave to supplement the record but they reserve the right to seek leave to file a response to the supplement. Plaintiffs also expect to file a very short brief alerting the Court to supplemental authorities relevant to the issues in Plaintiff's pending motion for preliminary injunction by May 15, 2025. In the event that the Court does not extend the temporary restraining order, Plaintiffs respectfully suggest that they make these filings by May 13, 2025.

2. Plaintiffs consent to the Court extending the temporary restraining order until the Court issues a ruling on the preliminary injunction or the case is otherwise resolved. Notwithstanding Defendants' position, Plaintiffs submit that there is good cause to extend the TRO pursuant to FRCP 65(b)(2) given that Defendants had the opportunity to be heard by the Court prior to the entry of the TRO and in light of the substantial issues at stake in the litigation.

3. Plaintiffs understand that Defendants intend to move for reconsideration of the May 1 Memorandum Order. Plaintiffs will oppose the motion for reconsideration. The Court issued a "limited" temporary restraining order, *see* ECF 36 at 5, and the standard for altering or amending that order is not met here. *See Williams v. Savage*, 569 F. Supp. 2d 99, 108 (D.D.C. 2008) (setting forth standard for reconsideration of interlocutory decision). Specifically, there has been no intervening change of controlling law, and the legal principles upon which the order is based remain sound. Nor has any new evidence come to light; the facts on the record indicating the Defendants have been dismantling the Institute of Museum and Library Services remain undisturbed. And there is no clear error to correct or manifest injustice to avert. Especially given the irreparable harms Plaintiffs would experience absent the temporary restraining order, justice does not require reconsideration of the order.

**Defendants' Position**

4. Defendants do not consent to an extension of the TRO. Today, Defendants will file a Motion for Reconsideration of the Court's May 1, 2025 Memorandum Order and Notice of Supplemental Authority in support of its opposition to Plaintiffs' request for a preliminary injunction. Defendants respectfully submit that the D.C. Circuit's recent order in *Widakuswara v. Lake*, No. 25-5144, 2025 WL 1288817, at *2 (D.C. Cir. May 3, 2025), supports Defendants' arguments in opposition, including lack of subject-matter jurisdiction, and warrants

reconsideration of the Court's Order granting Plaintiffs' TRO request.  Defendants also reserve the right to file a very short brief alerting the Court to supplemental authorities relevant to the issues in Plaintiff's pending motion for preliminary injunction by May 15, 2025.

Dated: May 6, 2025

Respectfully submitted,

/s/ *Rachel L. Fried*
Rachel L. Fried (DC Bar No. 1029538)
Orlando Economos (DC Bar No. 90013791)
Kayla M. Kaufman (DC Bar No. 90029091)
Robin F. Thurston (DC Bar No. 1531399)
Skye Perryman (DC Bar No. 984573)
Democracy Forward Foundation
P.O. Box 34553
Washington, DC 20043
(202) 448-9090
rfried@democracyforward.org
oeconomos@democracyforward.org
kkaufman@democracyforward.org
rthurston@democracyforward.org
sperryman@democracyforward.org

/s/ *Chris Gair*
Chris Gair (Ill. Bar No. 6190781)*
Vilia Dedinas (Ill. Bar No. 6191614)*
John Gallo (Ill. Bar No. 6193988)*
Ingrid Yin (Ill. Bar No. 6339857)*
Gair Gallo Eberhard LLP
1 E. Wacker Drive, Suite 2600
Chicago, Illinois 60601
(312) 600-4900
cgair@gairgallo.com
vdedinas@gairgallo.com
jgallo@gairgallo.com
iyin@gairgallo.com

*Counsel for Plaintiffs*

\* Admitted *pro hac vice*

YAAKOV M. ROTH
Acting Assistant Attorney General

ERIC J. HAMILTON
Deputy Assistant Attorney General
Civil Division, Federal Programs Branch

JOSEPH E. BORSON
Assistant Branch Director
Federal Programs Branch

/s/ *Abigail Stout*
ABIGAIL STOUT
(DC Bar No. 90009415)
*Counsel*
U.S. Department of Justice
Civil Division
950 Pennsylvania Avenue, NW
Washington, DC 20530
Telephone: (202) 514-2000
Email: Abigail.Stout@usdoj.gov

*/s/ Heidy L. Gonzalez*
JULIA A. HEIMAN (D.C. Bar No. 986228)
HEIDY L. GONZALEZ (FL Bar No. 1025003)
Federal Programs Branch
U.S. Department of Justice, Civil Division
1100 L Street, N.W.
Washington, DC 20005
Tel. (202) 616-8480 / Fax (202) 616-8470
julia.heiman@usdoj.gov

*Attorneys for Defendants*