UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| American Library Association, et al.,<br><br>*Plaintiffs*,<br><br>v.<br><br>Keith Sonderling, et al.,<br><br>*Defendants*. | Case No. 1:25-cv-01050 |

**PLAINTIFFS' SUPPLEMENTAL BRIEF IN SUPPORT OF
MOTION FOR PRELIMINARY INJUNCTION**

Plaintiffs submit this supplemental brief and attached declarations of Alex Albright and Lisa Varga to update the Court on factual developments that have occurred since Plaintiffs last provided a written submission, ECF Nos. 33, 34, on Monday, April 28, 2025. Since that submission, filed a few days prior to the hearing on Plaintiffs' motion for a temporary restraining order, the Institute of Museum and Library Services ("IMLS") continued to terminate grant awards, place individuals on administrative leave, subject other staff to prospective reductions in force, and overall continued to reduce the function of IMLS to the point of being unable to comply with the statutes that govern it. IMLS terminated Plaintiff American Library Association's ("ALA") remaining two grant awards. This dismantling has been temporarily halted only by the Court's entry of the temporary restraining order on May 1, 2025. Mem. Order, ECF 36. A preliminary injunction remains vital to preventing the harms that Plaintiffs—libraries, library workers and their union, and members of the public who rely on them—have already suffered and

1

will certainly continue to suffer. Plaintiffs provide this supplement to ensure that the Court has the most up-to-date information available as it considers Plaintiffs' motion for relief.

Plaintiffs note that, when they filed the Joint Status Report submitted to the Court on May 6, 2025, Plaintiffs expressed that they intended "to file a very short brief alerting the Court to supplemental authorities relevant to the issues in Plaintiff's pending motion for preliminary injunction." ECF No. 37. In the interest of brevity and judicial resources, Plaintiffs have collected their discussion of intervening legal authority in their response in opposition to Defendants' motion for reconsideration. *See* ECF No. 39. To that end, Plaintiffs focus here exclusively on factual developments.

## ADDITIONAL FACTUAL BACKGROUND

Recent events confirm that Defendants' dismantling of IMLS prior to the entry of the temporary restraining order is continuing to wreak havoc. At the time that Plaintiffs filed their reply in support of their motion for a preliminary injunction, ECF No. 34, IMLS had terminated the vast majority of competitive IMLS grants, Supp. Albright Decl., ECF 33-4 ¶ 3. That included three of ALA's, resulting in harm to ALA and the beneficiaries of the grant-funded programs ALA is now required to prematurely close, Supp. Inouye Decl., ECF 33-1 ¶¶ 8–12.

On April 28, 2025, after Plaintiffs had filed their reply brief, ALA received two more termination notices for grants it had been awarded by IMLS. Declaration of Lisa Varga (Varga Decl.), ¶ 3. ALA has now received notice that every grant it had from IMLS has been terminated. *Id.* The two most recent grants had been designated to fund an adult literacy program and a program advising librarians on the law. *Id.* ¶ 5, 6. These terminations appear to have been part of a batch of grant termination notices sent out on April 28. *See* Third Declaration of Alex Albright (Third

2

Albright Decl.), ¶ 3.

The new termination notices are similar to those notices sent out en masse on April 8, 2025, except that they include the following explanation for termination: "IMLS is repurposing its funding allocations in a new direction in furtherance of the President's agenda" because the President's Executive Order "mandates that IMLS eliminate all non-statutorily required activities and functions." Varga Decl. ¶ 4. According to the notices, then, Plaintiffs believe that IMLS seeks to eliminate the vast majority of competitive grants. Despite Defendants' purported "repurposing" of funding, Plaintiffs are not aware of any actions that Defendants have taken to repurpose awarded grant funding.

Staff levels at IMLS continue to be insufficient to carry out the statutory mission of IMLS. To the best of Plaintiffs' knowledge, only 10 or 11 individuals remain employed on the staff at IMLS. Third Albright Decl. ¶ 5. Eight staff members have been subjected to a reduction in force and let go from the federal workforce; approximately 57 IMLS staff members remain on administrative leave pending a completion of the reduction in force. *Id*. On April 25, 2025, the Museum Deputy Director was notified that they would be subject to a reduction in force, and was subsequently removed from that position on April 30, 2025. *Id.* ¶ 4. That position is statutorily mandated, required by Congress to be filled in order to maintain the minimum function of IMLS contemplated by statute; the position has been vacant since April 30. *Id.* And the only individual who had been serving as a Freedom of Information Act (FOIA) officer at IMLS was placed on administrative leave on March 31, 2025; it appears that no one is checking the FOIA inbox at IMLS. *Id.* ¶ 16.

In the wake of grant terminations that occurred prior to the Court's entry of the temporary restraining order, many recipients have filed requests for review of their termination decisions,

including ALA. *Id*.; Varga Decl. ¶ 7. However, there does not appear to be any process in place to handle those requests or to provide the review to which recipients are entitled under federal regulation and the terms of their grants, and IMLS currently lacks sufficient staffing to comply with such regulations and the terms and conditions of such grants. Third Albright Decl. ¶ 12–15. Neither ALA nor other recipients have received any substantive response to their requests for review. Varga Decl. ¶ 7; Third Albright Decl. ¶ 10.

In the first batch of grant terminations, IMLS indicated that it would continue to process reimbursement requests that had been submitted prior to the termination date. Third Albright Decl. ¶ 6. To date, however, there remains a significant backlog of payment requests that have not been processed, and reimbursement requests have been severely delayed. Supp. Albright Decl., ECF 33-4 ¶ 6; Third Albright Decl. ¶ 6. Required reporting by IMLS reflects that most of its recent transactions appear to have occurred prior to the date staff were placed on administrative leave. *Id*. ¶ 8. Payment processing has been entrusted to staff who have no training or experience processing payment requests or reviewing them for compliance with federal grant regulations. Third Albright Decl. ¶ 6.

Program staff have been instructed by political staff to cherry-pick grant applications for 2025 grant awards to select a handful of applications that appear to align with administration priorities so that those applications may be granted. Third Albright Decl. ¶ 8. Staff were instructed to avoid any references to "DEI," "climate change," or other disfavored concepts, in conflict with regulations governing government grants that provide for merit-based review of grant applications. *Id*. Such politicized decision-making conflicts with federal financial assistance regulations and award selection criteria as defined in the Notices of Funding Opportunity to which grant recipients applied for funding in the first place. *Id*. ¶ 9. Furthermore, an executive prohibition on funding

4

projects related to diversity and inclusion is contrary to the statutory mandates of the Museum and Library Services Act, including the purposes enacted by Congress in creating the Laura Bush 21st Century Librarian Program, among which are "recruiting and educating the next generation of librarians from diverse and underrepresented backgrounds" and "developing faculty and library leaders from diverse and underrepresented backgrounds." 20 U.S.C. § 9165(a).

Finally, IMLS leadership has informed IMLS staff that the current IMLS offices will close in early June, and that IMLS will be given office space in the Department of Labor—but only enough space for the handful of individuals still working at the agency. *Id.* ¶ 17.

## CONCLUSION

For the reasons stated above and in Plaintiffs' opening and reply briefs, this Court should grant Plaintiffs' motion for a preliminary injunction.

Dated: May 13, 2025

Respectfully submitted,

*/s/ Orlando Economos*
Orlando Economos (DC Bar No. 90013791)
Rachel L. Fried (DC Bar No. 1029538)
Kayla M. Kaufman (DC Bar No. 90029091)
Robin F. Thurston (DC Bar No. 1531399)
Skye Perryman (DC Bar No. 984573)
Democracy Forward Foundation
P.O. Box 34553
Washington, DC 20043
(202) 448-9090
oeconomos@democracyforward.org
rfried@democracyforward.org
kkaufman@democracyforward.org
rthurston@democracyforward.org
sperryman@democracyforward.org

*/s/ Chris Gair*
Chris Gair (Ill. Bar No. 6190781)*
Vilia Dedinas (Ill. Bar No. 6191614)*
John Gallo (Ill. Bar No. 6193988)*
Ingrid Yin (Ill. Bar No. 6339857)*

Gair Gallo Eberhard LLP
1 E. Wacker Drive, Suite 2600
Chicago, Illinois 60601
(312) 600-4900
cgair@gairgallo.com
vdedinas@gairgallo.com
jgallo@gairgallo.com
iyin@gairgallo.com

*Counsel for Plaintiffs*

\*Admitted *pro hac vice*