# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AMERICAN LIBRARY ASSOCIATION, *et al.*,<br><br>    Plaintiffs,<br><br>v.<br><br>KEITH SONDERLING, in his capacity as Acting Director of the Institute of Museum and Library Services, *et al.*,<br><br>    Defendants. | No. 25-cv-01050-RJL |

### DEFENDANTS' REPLY IN SUPPORT OF
### THEIR MOTION FOR RECONSIDERATION
### OF THE MAY 1, 2025, MEMORANDUM ORDER

Defendants respectfully submit this reply to Plaintiffs' opposition to their motion for reconsideration, *see* ECF No. 39 ("Plaintiffs' Opposition"). Defendants' motion for reconsideration was grounded in the guidance the D.C. Circuit had provided in *Widakuswara v. Lake*, No. 25-5144, 2025 WL 1288817 (D.C. Cir. May 3, 2025), *administratively stayed in part*, *sub nom.*, *petition for rehearing en banc pending*, *Middle E. Broad. Networks, Inc., v. United States*, No. 25-5150, 2025 WL 1378735 (D.C. Cir. May 7, 2025), in which the D.C. Circuit had stayed an injunction issued in an analogous case, holding that the district court likely lacked jurisdiction to address claims challenging agency personnel actions and grant terminations. Following that decision, the D.C. Circuit, acting *en banc*, administratively stayed the portions of panel decision pertaining to grant terminations. *See Middle E. Broad. Networks, Inc.*, 2025 WL 1378735, at *1.

Plaintiffs contend, in their opposition, that the status of the *Widakuswara* panel decision is uncertain. Defendants agree that is true for the panel's decision on grant terminations, though, notably, the *en banc* Court did not address the content of the panel decision or express disagreement with its analysis that the Government would likely prevail on the merits of its jurisdictional argument. *See Middle E. Broad. Networks, Inc.*, 2025 WL 1378735, at *5 (D.C. Cir. May 7, 2025) (Rao, J., dissenting) (noting that the *en banc* Court's order "offers no explanation as to whether the panel's holding [as to likelihood of success on the merits] was erroneous"); *Middle E. Broad. Networks, Inc.*, No. 25-5150, Doc. No. 2115063 at *4 (Pillard, J., concurring in the *en banc* order entering an administrative stay) (explaining that the administrative stay "is not a rushed effort to choose one side or the other," but, rather, is necessary in Judge Pillard's view, "to prevent [the Plaintiff networks' imminent collapse while [the D.C. Circuit] consider[s] the government's jurisdictional argument").

Moreover, the *en banc* Court did not administratively stay the *Widakuswara* panel's order staying the portion of the district court's order addressed to agency personnel actions. *See Widakuswara*, 2025 WL 1288817, at *1 (staying "[i]n No. 25-5144, provisions (1) and (2) of the district court's preliminary injunction filed April 22, 2025"); *Middle E. Broad. Networks, Inc.*, 2025 WL 1378735, at *1 (ordering an administrative stay of provisions of the *Widakuswara* panel's opinion including, in No. 25-5144, the part of the panel's order "staying provision (2) of the district court's preliminary injunction filed April 22, 2025," which addressed only grant agreements). Thus, the D.C. Circuit panel's analysis as to administrative channeling retains its full force. To the extent Plaintiffs assert that that analysis should not apply to them because Plaintiffs "do not represent IMLS employees subject to adverse employment actions," Pls' Opp'n at 4, this only underscores that Plaintiffs lack standing to seek the sweeping relief they

demand with respect to the agency's personnel actions.

As to grant terminations, Plaintiffs contend that this Court has jurisdiction over their claims because they represent third party beneficiaries of the agency's grant programs, in addition to grant recipients. But it is well established that third party beneficiaries may seek relief before the Court of Federal Claims under the Tucker Act. *See JGB Enterprises, Inc. v. U.S.*, 63 Fed. Cl. 319, 330 (2004) ("It is settled law in this circuit, however, that an intended third-party beneficiary of a government contract may sue under the Tucker Act."), *aff'd JGB Enters., Inc. v. United States*, 497 F.3d 1259 (Fed. Cir. 2007). Plaintiffs contend that would not be adequate because they "would have no recourse to the equitable relief the seek" before the Court of Federal Claims, but the relief those parties seek is not fundamentally equitable. Rather, it is, in substance, a demand for specific performance on a government contract, *i.e.* a grant agreement. *See Widakuswara*, 2025 WL 1288817, at *4 ("Whether phrased as a declaration that the agreements remain in force, or an order to pay the money committed by those agreements, the injunction in substance orders specific performance of the grant agreements—a quintessentially contractual remedy."). That makes the relief sought "inherently contractual," *id.*, and a district court lacks jurisdiction to order such relief.

Finally, Plaintiffs err in trying to distinguish the *Widakuswara* panel decision on the grounds that they (Plaintiffs in this case) challenge "discrete actions," Pls' Opp'n at 5, rather than mounting a "wholesale" challenge to an agency's "entire program," *Widakuswara*, 2025 WL 1288817, at *3, which cannot proceed under the Administrative Procedure Act (APA). In reality, Plaintiffs' claims in this case are just the kind of wholesale challenge the *Widakuswara* panel held was unlikely to succeed on the merits. Plaintiffs' own submissions make plain that that is so. In the same opposition in which Plaintiffs protest that theirs is not a programmatic

challenge, they assert "Plaintiffs here are challenging the elimination of IMLS grant programs en masse, . . . not any individual decision by IMLS as to a particular grantee." Pls' Mot. at 7. Indeed, Plaintiffs' concurrently submitted Supplemental Brief in Support of [their] Motion for Preliminary Injunction confirms that Plaintiffs ask this Court to enjoin what they characterize as a "dismantling" of the agency. ECF No. 40 at 1. Such a sweeping challenge is beyond the scope of the APA's waiver of sovereign immunity.

For all these reasons, and the reasons explained in Defendants' Motion, *see* ECF No. 38, Defendants respectfully ask this Court to reconsider the May 1, 2025, Memorandum Order, and to deny Plaintiffs' pending motion for a preliminary injunction.

Dated: May 16, 2025

Respectfully submitted,

YAAKOV M. ROTH
Acting Assistant Attorney General

ERIC J. HAMILTON
Deputy Assistant Attorney General
Civil Division, Federal Programs Branch

JOSEPH E. BORSON
Assistant Branch Director
Federal Programs Branch

/s/ *Abigail Stout*
ABIGAIL STOUT
(DC Bar No. 90009415)
*Counsel*
U.S. Department of Justice
Civil Division
950 Pennsylvania Avenue, NW
Washington, DC 20530
Telephone: (202) 514-2000
Email: Abigail.Stout@usdoj.gov

- 5 -

/s/ Julia A. Heiman
JULIA A. HEIMAN (D.C. Bar No. 986228)
HEIDY L. GONZALEZ (FL Bar No. 1025003)
Federal Programs Branch
U.S. Department of Justice, Civil Division
1100 L Street, N.W.
Washington, DC  20005
Tel. (202) 616-8480 / Fax (202) 616-8470
julia.heiman@usdoj.gov

*Attorneys for Defendants*