**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| AMERICAN LIBRARY ASSOCIATION, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>KEITH SONDERLING, in his capacity as Acting Director of the Institute of Museum and Library Services, *et al.*,<br><br>Defendants. | No. 25-cv-01050-RJL |

**DEFENDANTS' OBJECTION TO AN EXTENSION
OF THE COURT'S TEMPORARY RESTRAINING ORDER**

Pursuant to the Court's May 22, 2025 Minute Order, Defendants respectfully submit this objection to any extension of the Court's temporary restraining order.

Defendants' request for reconsideration of the Court's May 1, 2025 Memorandum Order, ECF No. 36, was grounded in guidance the D.C. Circuit provided in *Widakuswara v. Lake*, No. 25-5144, 2025 WL 1288817 (D.C. Cir. May 3, 2025). Although part of the injunction entered in the *Widakuswara* case was subsequently administratively stayed pending a petition for rehearing *en banc*, *Middle E. Broad. Networks, Inc., v. United States*, 25-5150, 2025 WL 1378735 (D.C. Cir. May 7, 2025), new developments in that case warrant reconsideration of the Court's temporary restraining order and inform the timing of the Court's consideration of Plaintiffs' request for a preliminary injunction.

Specifically, on May 22, 2025, the D.C. Circuit denied the request for *en banc* reconsideration and vacatur of its stay with respect to the restoration of employees and contractors. *See* Exhibit A, *Widakuswara v. Lake*, No. 25-5144, at *2 (D.C. Cir. May 22, 2025),

Dk. No. 2117031. As a result, the provisions of the Court's May 3, 2025 order, that concluded that the district court likely lacked jurisdiction to address claims challenging agency personnel actions remain in force.[1] *See id*. As noted in Defendants' Motion for Reconsideration, the D.C. Circuit's reasoning in *Widakuswara* demonstrates that wholesale challenge to an alleged agency closure cannot proceed under the APA. *See Widakuswara*, 2025 WL 1288817, at *3. That reasoning and those provisions of the *Widakuswara* order are dispositive in this case. Nor, in light of that the *en banc* Court's denial, is the D.C. Circuit likely to provide additional controlling guidance on this matter in the near future.

Moreover, the recent denial of a similar request for a preliminary injunction in this District is instructive, as it again supports the arguments Defendants have asserted in this case. *See* Exhibit B, *Carter v. Dep't of Ed.*, No. 25-cv-00744 (D.D.C. May 21, 2025), Dk. No. 68. In *Carter*, the district court concluded that the plaintiffs did not have a likelihood of success on the merits of their APA claims regarding reduction in force efforts at the Department of Education because, among other things, such programmatic attacks on agency operations are not cognizable under the APA. *Id*. at 12–13; *id*. at 21 (noting that the plaintiffs improperly seek to correct the entire operation of the agency). There, as here, the plaintiffs' claims sought wholesale correction to agency action that would, in effect, place the agency's operations into judicial receivership. *Id*. at 21. The district court rejected those claims pursuant to *Lujan* and its progeny. *Id*. at 18–20. The district court also found that the challenged agency actions did not prevent the Office of Civil Rights "from complying with its statutory and regulatory requirements" because they were

[1] Defendants recognize that the D.C. Circuit's May 22, 2025 Order does not address claims challenging grant terminations. For the reasons stated in Defendants' opposition, including the Supreme Court's guidance in *California*, Plaintiffs do not have a likelihood of success on those claims.

still investigating civil rights complaints. *Id.* at 15–17. Similarly, here, IMLS is fulfilling its statutory obligations, including the Grants to States program. *See* Exhibit C ¶¶ 6, 9. The *Carter* opinion, therefore, further supports Defendants' arguments in this case.

Finally, Defendants note that the court in *Rhode Island v. Trump* has entered a preliminary injunction that provides, among other things, essentially the same relief as provided in the current temporary restraining order. *See* Exhibit D, *Rhode Island v. Trump*, No. 25-cv-00128 (D. R.I. May 13, 2025), Dk. No. 60. While Defendants have sought to stay that order in the district court and the First Circuit, unless and until that stay is granted, there is no prospect of imminent irreparable injury that justifies further temporary relief by this Court.

Because precedent in this Circuit supports Defendants' arguments, and because further temporary relief is unnecessary at this time, Defendants' oppose any extension of the Court's temporary restraining order. Defendants respectfully ask this Court to reconsider the May 1, 2025, Memorandum Order, and to deny Plaintiffs' pending motion for a preliminary injunction.

Dated: May 23, 2025

    Respectfully submitted,

    YAAKOV M. ROTH
    Acting Assistant Attorney General

    ERIC J. HAMILTON
    Deputy Assistant Attorney General
    Civil Division, Federal Programs Branch

    JOSEPH E. BORSON
    Assistant Branch Director
    Federal Programs Branch

    /s/ *Abigail Stout*
    ABIGAIL STOUT
    (DC Bar No. 90009415)
    *Counsel*
    U.S. Department of Justice

Civil Division
950 Pennsylvania Avenue, NW
Washington, DC 20530
Telephone: (202) 514-2000
Email: Abigail.Stout@usdoj.gov

*/s/ Heidy L. Gonzalez*
JULIA A. HEIMAN (D.C. Bar No. 986228)
HEIDY L. GONZALEZ (FL Bar No. 1025003)
Federal Programs Branch
U.S. Department of Justice, Civil Division
1100 L Street, N.W.
Washington, DC 20005
Tel. (202) 598-7409
heidy.gonzalez@usdoj.gov

*Attorneys for Defendants*