# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| American Library Association, et al.,<br><br>*Plaintiffs*,<br><br>v.<br><br>Keith Sonderling, et al.,<br><br>*Defendants*. | Case No. 1:25-cv-01050 |

### PLAINTIFFS' MOTION FOR LEAVE TO RESPOND TO DEFENDANTS' OBJECTION TO AN EXTENSION OF THE COURT'S TEMPORARY RETRAINING ORDER AND PLAINTIFFS' RESPONSE

Pursuant to Local Civil Rule 65.1(c), Plaintiffs respectfully move for leave to respond to Defendants' objection to an extension of the Court's temporary restraining order (TRO). Counsel for Plaintiffs has conferred with counsel for the Defendants as required by Local Civil Rule 7(m). Defendants do not oppose this motion. A proposed order is attached.

The Court is familiar with the procedural history of this case. On May 21, 2025, the Court ordered the parties to inform the Court whether they consent to extending the TRO until the Court rules on the pending motion for a preliminary injunction or this case is otherwise resolved. Min. Order (May 21, 2025). Plaintiffs consented to extending the TRO. ECF 43 (May 23, 2025). Defendants objected to the Court's proposed extension of the TRO, but in addition to simply stating their position and the reason for it, they submitted a new declaration by Defendant Sonderling. ECF 44 (May 23, 2025). This is the first evidence Defendants have provided the Court, despite the substantial opportunities for briefing to date, and accordingly, Plaintiffs seek leave to respond to this exhibit and its associated arguments. Plaintiffs additionally wish to inform the Court of recent

orders issued by the D.C. Circuit en banc in *Widakuswara v. Lake* and related appeals.

## RESPONSE

*First*, without explanation, Defendants attached to their objection a declaration by Defendant Sonderling (ECF 44-3), also submitted in the *Rhode Island* litigation, No. 25-cv-128, ECF 63-1. But this declaration raises more questions than it answers. Notably, Defendant Sonderling implicitly threatens IMLS employees for exercising their First Amendment rights. ECF 44-3 ¶ 13. To the extent that Defendants are asking the Court to credit their assertions about operating IMLS consistent with the law, *see*, *e.g.*, ECF 21 at 16 (relying on Executive Order 14,238's statement that IMLS's reduction be "consistent with applicable law"), his statement creates additional cause for doubt.

Further, the point for which Defendants appear to have submitted the declaration—their resumption of the Grants to States program—does not obviate the need for injunctive relief. First, doing so after the initiation of litigation does not escape liability even on that particular grant program. *Nat'l Council of Nonprofits v. Off. of Mgmt. & Budget ("NCN")*, 763 F. Supp. 3d 36, 49 (D.D.C. 2025). Further, there is copious evidence that IMLS has stopped performing its other work required by statute or regulation, including halting the grant reimbursement process, eliminating the National Museum and Library Services Board, stopping the collection of data, and rendering itself unable to review grant termination decisions consistent with its own terms and conditions. *See* Albright Decl. ¶¶ 1, 17–20; Supp. Albright Decl. ¶ 6; Fournier Decl. ¶¶ 4, 8–9; Neal Decl. ¶ 7. Defendant Sonderling's declaration—the first evidence from Defendants in this matter—does not address the vast majority of these issues. Nor do Defendants explain how terminating all but "one competitive grant . . . per statutory program," *id.* ¶ 10, complies with Congress's directive for IMLS to issue the competitive grants.

2

As such, the decision in *Carter v. U.S. Department of Education*, No. 25-cv-0744, Dkt. No. 68 (D.D.C. May 21, 2025), should not impact the Court's assessment of the likelihood of success on the merits. To the extent this Court finds that decision persuasive, it is distinguishable. In *Carter*, the court found the plaintiffs had not offered sufficient evidence demonstrating that the Department of Education's Office of Civil Rights failed to perform any statutory or regulatory duties. That court distinguished—but did not express disagreement with—the decision granting a preliminary injunction in *National Treasury Employees Union v. Vought*, where the plaintiffs had shown an agency stopped performing statutorily mandated work. *Id.* at 14–16. As in *NTEU*, and unlike *Carter*, Plaintiffs have made that showing.

*Third*, the existence of a preliminary injunction in *Rhode Island v. Trump* that reinstates terminated grants and restores employees from administrative leave does not eliminate the need for a preliminary injunctive order here to protect Plaintiffs' interests. As Defendants admit, they are currently seeking to stay the *Rhode Island* injunction, creating great uncertainty as to its continued existence. Further, Plaintiffs are not parties to the *Rhode Island* litigation and are, accordingly, unable to represent their interests in that litigation or defend it on appeal. This Court independently determined that the TRO was warranted, and it should remain in place until the Court decides the pending motion for a preliminary injunction or this case is otherwise resolved. *See NCN*, 763 F. Supp. 3d at 57 (granting TRO where TRO issued by another court was already in effect, and citing case law).

*Finally*, Defendants point out that in *Widakuswara v. Lake*, the D.C. Circuit denied the request for en banc reconsideration with respect to the portion of the district court's injunction requiring the restoration of agency employees and contractors. Order, No. 25-5144 (D.C. Cir. May 22, 2025). However, on May 28, 2025, Chief Judge Srinivasan issued a statement, joined by six

3

other members of the en banc panel, indicating that the district court may have jurisdiction to order personnel actions necessary or appropriate to carry out the agency's statutory mandate under the provisions of the district court's order still in force—even beyond those that the government itself determines are necessary. Order, No. 25-5145, Doc. #2117869 (D.C. Cir. May 28, 2025). Chief Judge Srinivasan instructed that the district court should consider that issue in the first instance. *Id.* Later the same day, the en banc court granted reconsideration with respect to the portion of the district court's preliminary injunction requiring the agency to restore grants it had terminated and denied the government's motion for a stay pending appeal. Order, Nos. 25-5150, 25-5151, Doc. #2117911, at 2 (D.C. Cir. May 28, 2025). These decisions by the D.C. Circuit en banc reinforce this Court's jurisdiction to grant a preliminary injunction in this case and support Plaintiffs' arguments that preliminary injunctive relief is warranted here.

## CONCLUSION

For the foregoing reasons, the Court should grant Plaintiffs' motion to file this Response.

| | |
|---|---|
| Dated: May 28, 2025 | */s/ Rachel L. Fried*<br>Rachel L. Fried (DC Bar No. 1029538)<br>Orlando Economos (DC Bar No. 90013791)<br>Kayla M. Kaufman (DC Bar No. 90029091)<br>Robin F. Thurston (DC Bar No. 1531399)<br>Skye Perryman (DC Bar No. 984573)<br>Democracy Forward Foundation<br>P.O. Box 34553<br>Washington, DC 20043<br>(202) 448-9090<br>rfried@democracyforward.org<br>oeconomos@democracyforward.org<br>kkaufman@democracyforward.org<br>rthurston@democracyforward.org<br>sperryman@democracyforward.org<br><br>/s/ *Chris Gair*<br>Chris Gair (Ill. Bar No. 6190781)\*<br>Vilia Dedinas (Ill. Bar No. 6191614)\*<br>John Gallo (Ill. Bar No. 6193988)\*<br>Ingrid Yin (Ill. Bar No. 6339857)\*<br>Gair Gallo Eberhard LLP<br>1 E. Wacker Drive, Suite 2600<br>Chicago, Illinois 60601<br>(312) 600-4900<br>cgair@gairgallo.com<br>vdedinas@gairgallo.com<br>jgallo@gairgallo.com<br>iyin@gairgallo.com<br><br>*Counsel for Plaintiffs*<br><br>\* Admitted *pro hac vice* |

5