UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| American Library Association, et al.,<br><br>*Plaintiffs*,<br><br>v.<br><br>Keith Sonderling, et al.,<br><br>*Defendants*. | Case No. 1:25-cv-01050 |

**MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION FOR TEMPORARY RESTRAINING ORDER**

This Court is familiar with the facts and procedural history of this case. On May 1, 2025, the Court issued a temporary restraining order (TRO) prohibiting Defendants Keith Sonderling, IMLS, Amy Gleason, U.S. DOGE Service, U.S. DOGE Service Temporary Organization, Russell Vought, and U.S. Office of Management and Budget (the "Agency Defendants") from: taking any further actions to dissolve IMLS or its operations; placing any additional IMLS staff on administrative leave; terminating the employment of any IMLS staff; or further pausing, canceling, or otherwise terminating IMLS grants or contracts or fail to fund such grants or contracts for reasons other than grantees' or contractors' non-compliance with applicable grant or contract terms. ECF 36. After the Court extended the duration of the TRO to May 29, 2025, Min. Order (May 7, 2025), the TRO expired on May 29. Although a preliminary injunction is currently in place in *Rhode Island v. Trump* ("*RI* PI"), No. 25-cv-128, ECF 60 (May 13, 2025), whose scope extends to Plaintiff ALA and some of Plaintiffs' members, other members outside the scope of the *RI* PI face imminent harm should Agency Defendants terminate their IMLS grants. Plaintiffs seek

a narrow TRO that protects these members from irreparable harm resulting from the termination of IMLS grants until this Court issues a decision on Plaintiffs' pending motion for a preliminary injunction (ECF 13). In the alternative, Plaintiffs respectfully request that the Court grant Plaintiffs' motion for a preliminary injunction within seven days.

**I.  The Court should issue a narrow temporary restraining order protecting Plaintiffs' members from harm resulting from the potential termination of IMLS grants.**

To obtain a temporary restraining order, "the moving party must show: (1) a substantial likelihood of success on the merits; (2) that it would suffer irreparable injury if the [temporary restraining order] were not granted; (3) that [such an order] would not substantially injure other interested parties; and (4) that the public interest would be furthered" by the order. *Chaplaincy of Full Gospel Churches v. England*, 454 F.3d 290, 297 (D.C. Cir. 2006) (citations omitted); *see also Hall v. Johnson*, 559 F. Supp. 2d 1, 3 n.2 ("[T]he same standard applies to both temporary restraining orders and to preliminary injunctions." (citation omitted)). "When the movant seeks to enjoin the government, the final two TRO factors—balancing the equities and the public interest—merge." *D.A.M. v. Barr*, 474 F. Supp. 3d 45, 67 (citing *Pursuing Am.'s Greatness v. FEC*, 831 F.3d 500, 511 (D.C. Cir. 2016)). Plaintiffs refer the Court to the briefing and record materials submitted in support of Plaintiffs' pending motion for a preliminary injunction, as well as Plaintiffs' arguments at the hearing on April 30, 2025. Plaintiffs make the additional points below to support their request for a narrow TRO.[1]

---

[1] Plaintiffs do not seek relief as to IMLS staff in this motion. For the purpose of this request for a narrow and necessarily time-limited TRO, Plaintiffs focus on relief as to unlawful IMLS shutdown activity not enjoined by the *RI* PI. As noted below, however, the relief provided by the *RI* PI is not adequate to protect Plaintiffs' interests for more than a very short period.

*First*, the *RI* PI does not reach all of Plaintiffs' members.[2] Provision 6 of the *RI* PI prohibits Defendants Sonderling, IMLS, Vought, and OMB from further pausing, canceling, or otherwise terminating IMLS grants or contracts or failing to disburse funds to recipients according to such grants or contracts for reasons other than the grantees' or contractors' non-compliance with applicable grant or contract terms, but it only extends to grant recipients in the plaintiff states in that case. *RI* PI at 4. Plaintiffs have members all over the country, including in states that are not plaintiffs in *Rhode Island v. Trump*.

Plaintiffs note that provisions 1 and 2 of the *RI* PI generally enjoin the defendants from implementing Section 2 of Executive Order 14,238, "Continuing the Reduction of the Federal Bureaucracy" ("EO"), as to IMLS and require the defendants promptly to take all necessary steps to reverse measures designed or intended, in whole or in part, to implement the EO with respect to IMLS. *RI* PI at 2–3. To the extent Agency Defendants terminate a grant or refuse to disburse funds pursuant to a grant originating in a non-plaintiff state for reasons other than non-compliance with the applicable terms, Plaintiffs understand that action would violate provisions 1 and 2 of the *RI* PI. However, Plaintiffs are not parties to that litigation and therefore cannot represent their interests there. Additionally, as Plaintiffs stated in their filing of May 28, 2025 (ECF 45 at 3), the defendants in that case have moved to stay the *RI* PI in both the district and appellate courts, and their motions are pending, creating substantial uncertainty. Should Agency Defendants terminate or fail to

---

[2] The *RI* PI "does not lessen the severity of the potential irreparable harm in this case." *Nat'l Council of Nonprofits v. Off. of Mgmt. & Budget*, No. CV 25-239 (LLA), 2025 WL 597959, at *18 n.13 (D.D.C. Feb. 25, 2025). "This court has no control over the District of Rhode Island's decisions and a [PI] in that case does 'not block this court from entering a TRO of its own.'" *Id.* (discussing TRO binding OMB in another case); *see also Whitman-Walker Clinic, Inc. v. U.S. Dep't of Health & Hum. Servs.*, 485 F. Supp. 3d 1, 60 (D.D.C. 2020) ("[C]ourts routinely grant follow-on injunctions against the Government, even in instances when an earlier nationwide injunction has already provided plaintiffs in the later action with their desired relief.") (collecting cases).

disburse funds for grants originating in non-plaintiff states, Plaintiffs' members in those states face imminent harm for the reasons discussed in Plaintiffs' briefs and declarations. *See, e.g.*, Gaber Decl., ECF 13-19; Johnston Decl., ECF 13-20.

*Second*, as Plaintiffs pointed out in their filing of May 28, 2025, in *Widakuswara v. Lake* and related appeals, the D.C. Circuit en banc granted reconsideration with respect to the portion of the district court's preliminary injunctions requiring the U.S. Agency for Global Media to restore grants it had terminated and denied the government's motion for a stay pending appeal. Order, Nos. 25-5150, 25-5151, Doc. #2117911, at 2 (D.C. Cir. May 28, 2025). That decision leaves in force the preliminary injunctions restoring the grants the agency had terminated, and reflects the en banc court's conclusion that the government was not likely to prevail on its Tucker Act arguments, as explained in Judge Pillard's well-reasoned dissent from the motions panel's initial stay order. *Id.* (citing Judge Pillard's dissent from the motions panel's stay order).

## II. In the alternative, Plaintiffs respectfully request that the Court grant Plaintiffs' motion for a preliminary injunction within seven days.

In the event this Court determines not to grant Plaintiffs' motion for a narrow TRO, Plaintiffs respectfully request the Court issue a preliminary injunction within seven days. For the reasons set forth in Plaintiffs' briefing, declarations, and at the April 30, 2025 hearing, Plaintiffs are likely to succeed on the merits of their claims and have shown they satisfy the remaining factors meriting preliminary injunctive relief. In light of the risk of imminent harm to Plaintiffs' members, discussed in Part I above, Plaintiffs require some form of temporary or preliminary injunctive relief as soon as feasible.

Plaintiffs further note that, because the existence of a staff is essential to complying with statutory mandates, Agency Defendants' compliance with the provision of the proposed preliminary injunction order requiring Agency Defendants to comply with Congressional statutes,

4

*see* ECF 13-21 at 2, necessarily requires IMLS to retain sufficient employees and contractors, and the Court has jurisdiction to order personnel actions to effectuate that provision. *See* Order, No. 25-5145, Doc. #2117869 (D.C. Cir. May 28, 2025) (Srinivasan, J.) (statement by Judge Srinivasan, joined by six other members of the D.C. Circuit en banc panel, indicating that the district court may have jurisdiction to order personnel actions necessary or appropriate to carry out the agency's statutory mandate under the provisions of the district court's order still in force—even beyond those that the government itself determines are necessary).

Dated: June 2, 2025

Respectfully submitted,

/s/ *Rachel L. Fried*
Rachel L. Fried (DC Bar No. 1029538)
Orlando Economos (DC Bar No. 90013791)
Kayla M. Kaufman (DC Bar No. 90029091)
Robin F. Thurston (DC Bar No. 1531399)
Skye Perryman (DC Bar No. 984573)
Democracy Forward Foundation
P.O. Box 34553
Washington, DC 20043
(202) 448-9090
rfried@democracyforward.org
oeconomos@democracyforward.org
kkaufman@democracyforward.org
rthurston@democracyforward.org
sperryman@democracyforward.org

/s/ *Chris Gair*
Chris Gair (Ill. Bar No. 6190781)*
Vilia Dedinas (Ill. Bar No. 6191614)*
John Gallo (Ill. Bar No. 6193988)*
Ingrid Yin (Ill. Bar No. 6339857)*
Gair Gallo Eberhard LLP
1 E. Wacker Drive, Suite 2600
Chicago, Illinois 60601
(312) 600-4900
cgair@gairgallo.com
vdedinas@gairgallo.com
jgallo@gairgallo.com
iyin@gairgallo.com

*Counsel for Plaintiffs*

*Admitted *pro hac vice*