**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

AMERICAN LIBRARY ASSOCIATION, *et al.*,

Plaintiffs,

v.

KEITH SONDERLING, in his capacity as Acting Director of the Institute of Museum and Library Services, *et al.*,

Defendants.

No. 25-cv-01050-RJL

**DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION FOR TEMPORARY RESTRAINING ORDER**

Plaintiffs' request for another temporary restraining order regarding IMLS grants and contracts should be denied. *See* ECF No. 46. As Plaintiffs do in their motion, *id*. at 1–2, Defendants re-incorporate their arguments in opposition to Plaintiffs' new request for injunctive relief. *See* Opposition to Motion for Temporary Restraining Order, ECF No. 21; Motion for Reconsideration, ECF Nos. 38, 42; Objection to Extension of TRO, ECF No. 44.

Plaintiffs request a further TRO to enjoin the termination of all IMLS grants and contracts. ECF No. 46 at 1. In addition to threshold standing defenses, Defendants have argued that this Court lacks jurisdiction over claims regarding the termination of IMLS grants and contracts. Congress has made clear that any funds disbursed to grantees, like Plaintiffs' members, are paid solely pursuant to grant agreements, *i.e.* contracts, between IMLS and the grantees. *See* 20 U.S.C. § 9108(c) ("The Director [of the IMLS] is authorized to enter into grants, contracts, cooperative agreements, and other arrangements with Federal agencies, public and private organizations, and other entities with expertise the Director determines appropriate

. . . ."). In analogous circumstances, the Supreme Court held that "the Government [was] likely to succeed in showing that the District Court lacked jurisdiction to order the payment of money under the [Administrative Procedure Act]" because the Tucker Act vested exclusive jurisdiction over such actions in the Court of Federal Claims. *Department of Education v. California*, 145 S. Ct. 968, 968 (2025). This guidance is dispositive of Plaintiffs' grant-based claims that are the basis of the instant TRO request and that, at their core, challenge the Government's termination of federal contracts.

Moreover, the court in *Rhode Island v. Trump* has entered a preliminary injunction that provides, among other things, essentially the same relief Plaintiffs seek. *See Rhode Island v. Trump*, No. 25-cv-00128 (D. R.I. May 13, 2025), Dkt. No. 60. The *Rhode Island* Preliminary Injunction Order remains in place. Although Defendants have sought a stay of that order, which is currently pending at the First Circuit, IMLS will continue to perform its required statutory functions even if the stay is granted.[1] *See* IMLS Decl., ECF No. 44-3, ¶ 6. And while Plaintiffs generally claim that they "have members all over the country" who are not protected by the *Rhode Island* Preliminary Injunction Order, *id*. at 3, that general allegation is insufficient for preliminary relief. Plaintiffs have not demonstrated that the number and value of the remaining grantees not covered by the *Rhode Island* order, much less the consequences on those grantees in the event of potential termination, is sufficiently significant to warrant preliminary relief. *Wisconsin Gas Co. v. FERC*, 758 F.2d 669, 674 (D.C. Cir. 1985) (Irreparable harm "must be both certain and great; it must be actual and not theoretical."). If the *Rhode Island* Preliminary Injunction Order is ultimately stayed, *i.e.*, the First Circuit concludes that Plaintiffs there are not likely to succeed, that would only support Plaintiffs' unlikelihood of success on the merits of

[1] The district court denied the defendants' motion to stay in district court on June 5, 2025.

their claims in this case because similar jurisdictional issues have been presented in both cases.

Finally, although Plaintiffs point to the recent D.C. Circuit's *en banc* decision in *Widakuswara* and related appeals, that decision does not help Plaintiffs here. *See* ECF No. 46-1 at 4. The *en banc* Court's denial of the stay of the preliminary injunction in *Middle East Broadcasting Networks* and *Radio Free Asia* "is not a decision on the merits of the underlying legal issues," and therefore, is not a binding precedent with respect to Defendants' Tucker Act arguments. *See Indiana State Police Pension Tr. v. Chrysler LLC*, 556 U.S. 960, 960 (2009). Indeed, the *en banc* Court stated that its assessment of the Government's claim at that "initial stage" "does not constrain the ability" of the merits panel "to reach any conclusion following full merits briefing and argument." *Widakuswara v. Lake*, No. 25-5144, 2025 WL 1521355, at *1 (D.C. Cir. May 28, 2025). Moreover, the *Middle East Broadcasting Networks* and *Radio Free Asia* cases that the *en banc* court assessed are distinguishable. In those cases, the congressional appropriations statute, through an allocation table, provides specific, line-item amounts designated to each grantee. *See Widakuswara v. Lake*, No. 25-5144, 2025 WL 1288817, at *11 (D.C. Cir. May 3, 2025) (Pillard, J., dissenting) (relevant statutes both established entity plaintiffs and "required allocation of funds to those specific, named entities"). Here, no specific grantees are named in any appropriations or authorizing statutes. Plaintiffs' claims seeking restoration of grants and contracts must be asserted in the proper forum—the Court of Federal Claims—pursuant to the terms of those agreements. This point remains unaffected by any *Widakuswara* decision.

As Defendants have emphasized, Plaintiffs are not entitled to injunctive relief. Defendants respectfully ask this Court to deny Plaintiffs' June 2, 2024 request for a temporary restraining order and to deny Plaintiffs' pending motion for a preliminary injunction.

Dated: June 6, 2025

Respectfully submitted,

YAAKOV M. ROTH
Acting Assistant Attorney General

ERIC J. HAMILTON
Deputy Assistant Attorney General
Civil Division, Federal Programs Branch

JOSEPH E. BORSON
Assistant Branch Director
Federal Programs Branch

/s/ *Abigail Stout*
ABIGAIL STOUT
(DC Bar No. 90009415)
*Counsel*
U.S. Department of Justice
Civil Division
950 Pennsylvania Avenue, NW
Washington, DC 20530
Telephone: (202) 514-2000
Email: Abigail.Stout@usdoj.gov

*/s/ Heidy L. Gonzalez*
JULIA A. HEIMAN (D.C. Bar No. 986228)
HEIDY L. GONZALEZ (FL Bar No. 1025003)
Federal Programs Branch
U.S. Department of Justice, Civil Division
1100 L Street, N.W.
Washington, DC 20005
Tel. (202) 598-7409
heidy.gonzalez@usdoj.gov

*Attorneys for Defendants*