IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AMERICAN LIBRARY ASSOCIATION, *et al.*,<br><br>  Plaintiffs,<br><br>v.<br><br>KEITH SONDERLING, in his capacity as Acting Director of the Institute of Museum and Library Services, *et al.*,<br><br>  Defendants. | No. 25-cv-01050 |

**JOINT STATUS REPORT**

Pursuant to the Court's June 6, 2025 Order requiring a "joint status report proposing next steps," ECF No. 49, the parties have conferred and provide the following information.

**Defendants' Position**

1.  In light of the Court's recent denial of Plaintiffs' Motion for Preliminary Injunction on jurisdictional grounds, Defendants intend to file a motion to dismiss. In Defendants' view, the Court's substantive finding that Plaintiffs likely lack subject matter jurisdiction supports dismissal of all claims in this case. As is routine in this district, Defendants respectfully request that the Court stay the administrative record production deadline pending resolution of the motion to dismiss. *See, e.g.*, *Patterson v. Haaland*, No. 1:21-CV-02391 (RC), 2022 WL 4534685, at *1 (D.D.C. Sept. 28, 2022), *dismissed*, No. 22-5297, 2023 WL 2604280 (D.C. Cir. Mar. 21, 2023) ("The Court grants Defendants' motion to waive compliance with Local Rule 7(n) because

- 1 -

consideration of the motion to dismiss does not require review of the administrative record.").[1] Defendants believe that the administrative record and any discovery is not necessary prior to the Court's ruling on a jurisdictional motion to dismiss.

2.  Due to deadlines and hearings in other matters, Defendants request a brief courtesy extension of the deadline to file the motion to dismiss. Defendants respectfully request that the Court order filing of the motion to dismiss by June 30, 2025.

3.  If the Court is inclined to enter the schedule that Plaintiffs' propose, Defendants' assert that Plaintiffs' proposed deadlines do not afford Defendant sufficient time and accordingly counter-propose a slightly modified briefing scheduled that permits adequate time to finalize the administrative record and briefing:[2]

> **July 15**: Defendants produce the administrative record;
> **August 5:** Plaintiffs' motion for summary judgment;
> **August 26:** Defendants' combined opposition and any cross-motion for summary judgment and/or to dismiss;
> **September 9:** Plaintiffs' reply, and any response;
> **September 23:** Defendants' reply.

### Plaintiffs' Position

4.  Prompt resolution of this matter is appropriate given the ongoing injuries Plaintiffs suffer because of Defendants' actions. *See* Pls.' Prelim. Inj. Br., ECF 13-1, at 28–36; Pls.' TRO Br., ECF 46-1, at 3–4 (explaining which of Plaintiffs' injuries are not covered by the existing preliminary relief in *Rhode Island v. Trump*, No. 25-cv-128, ECF 60 (D.R.I. May 13, 2025)). Plaintiffs anticipate that the matter should be resolvable based on a complete administrative record,

---

[1] To the extent the administrative record deadline is not stayed, Defendants request an extension through July 14, 2025 to finalize the administrative record.
[2] Defendants reserve the right to oppose any discovery, including any discovery prior to the Court's resolution of jurisdictional issues.

and accordingly, propose proceeding to expedited summary judgment briefing, consolidated with any motion to dismiss by Defendants. Doing so provides an opportunity for relatively prompt relief of Plaintiffs' and their members' injuries and should be efficient for the Court and parties in resolving this matter.

5.   Separate briefing on Defendants' motion to dismiss will unnecessarily delay resolution of this matter. This Court did not, as Defendants claim, hold that Plaintiffs likely lack subject matter jurisdiction—it held that "plaintiffs *may* not be able to show that this Court has jurisdiction," PI Op., ECF 48, at 7, and had thus not shown a likelihood of success. And it emphasized that its decision "reflects the high bar for and extraordinary nature of a preliminary injunction." *Id.* at 23.  Given that whether Plaintiffs had met the standard for preliminary relief was a "close question," *id*. at 9, it would be inefficient for the Court and the parties to brief the same legal arguments again on the lower standard for overcoming a motion to dismiss. *Ctr. for Biological Diversity v. U.S. Int'l Dev. Fin. Corp.*, 585 F. Supp. 3d 63, 69 (D.D.C. 2022), *aff'd,* 77 F.4th 679 (D.C. Cir. 2023) ("[A] court must treat the complaint's factual allegations as true, and must grant plaintiff the 'benefit of all inferences that can be derived from the facts alleged.'"). Doing so would require the Court to resolve the same threshold issues, but without the benefit of factual development provided by the administrative record and legal development that may result during the passage of time in which the parties are developing the summary judgment record. PI Op., ECF 48 at 23 ("My decision does not prohibit plaintiffs from renewing their motion or succeeding on a dispositive motion depending on further developments in the facts and the law.").

6.   If the government proceeds with filing a motion to dismiss in advance of the schedule proposed below, it should do so along with the administrative record, as required by Local Civil Rule 7(n)(1). In an agency review case, "the agency *must* file a certified list of the

contents of the administrative record with the Court . . . simultaneously with the filing of a dispositive motion." *Id.* (emphasis added). This is particularly appropriate here given that the Court has already had an opportunity to assess Defendants' threshold arguments.

7. If the Court declines to set a deadline for the production of the administrative record, Plaintiffs respectfully request that it deny Defendants' request for a two-week delay in filing their motion to dismiss. Permitting this delay, requested at the last minute and without a schedule in place to develop the summary judgment record, will prejudice Plaintiffs by delaying their opportunity to obtain relief.

8. Accordingly, Plaintiffs respectfully request that Court enter the following combined schedule:

- **June 30**: Defendants produce the administrative record;
- **July 21:** Plaintiffs' motion for summary judgment;
- **August 11:** Defendants' combined opposition and any cross-motion for summary judgment and/or to dismiss;
- **August 25:** Plaintiffs' reply, and any response;
- **September 1:** Defendants' reply.

9. While Plaintiffs anticipate that production of a complete administrative record will be sufficient to resolve this matter, Plaintiffs reserve their right to move to supplement the record or to seek discovery following review of the record.

Dated: June 13, 2025                    Respectfully submitted,

                                          BRETT A. SHUMATE
                                          Assistant Attorney General
                                          Civil Division

                                          ERIC J. HAMILTON
                                          Deputy Assistant Attorney General
                                          Civil Division, Federal Programs Branch

                                          JOSEPH E. BORSON
                                          Assistant Branch Director
                                          Federal Programs Branch

                                          */s/ Abigail Stout*
                                          ABIGAIL STOUT
                                          (DC Bar No. 90009415)
                                          Counsel
                                          U.S. Department of Justice
                                          Civil Division
                                          950 Pennsylvania Avenue, NW
                                          Washington, DC 20530
                                          Telephone: (202) 514-2000
                                          Email: Abigail.Stout@usdoj.gov

                                          */s/ Heidy L. Gonzalez*
                                          JULIA A. HEIMAN
                                          (D.C. Bar No. 986228)
                                          HEIDY L. GONZALEZ
                                          (FL Bar No. 1025003)
                                          Federal Programs Branch
                                          U.S. Department of Justice, Civil Division
                                          1100 L Street, N.W.
                                          Washington, DC  20005
                                          Tel. (202) 598-7409
                                          heidy.gonzalez@usdoj.gov

                                          *Attorneys for Defendants*

                                          */s/ Orlando Economos*
                                          Orlando Economos (DC Bar No. 90013791)
                                          Rachel L. Fried (DC Bar No. 1029538)
                                          Kayla M. Kaufman (DC Bar No. 90029091)
                                          Robin F. Thurston (DC Bar No. 1531399)

>Skye Perryman (DC Bar No. 984573)
>Democracy Forward Foundation
>P.O. Box 34553
>Washington, DC 20043
>(202) 448-9090
>rfried@democracyforward.org
>oeconomos@democracyforward.org
>kkaufman@democracyforward.org
>rthurston@democracyforward.org
>sperryman@democracyforward.org
>
>/s/ *Chris Gair*_____
>Chris Gair (Ill. Bar No. 6190781)*
>Vilia Dedinas (Ill. Bar No. 6191614)*
>John Gallo (Ill. Bar No. 6193988)*
>Ingrid Yin (Ill. Bar No. 6339857)*
>Gair Gallo Eberhard LLP
>1 E. Wacker Drive, Suite 2600
>Chicago, Illinois 60601
>(312) 600-4900
>cgair@gairgallo.com
>vdedinas@gairgallo.com
>jgallo@gairgallo.com
>iyin@gairgallo.com
>
>*Counsel for Plaintiffs*
>
>* Admitted *pro hac vice*